UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00482-RJC

| ALBERT CHANCELLOR COSTNER, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | ORDER |
| ANDREW M. SAUL, Commissioner of Social Security, | ) |  |
| Defendant. | ) |  |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment, (Doc. No. 12), and Defendant's Motion for Summary Judgment, (Doc. No. 14).

## I.     BACKGROUND

### A.     Procedural Background

Albert Chancellor Costner ("Plaintiff") seeks judicial review of Andrew M. Saul's ("Defendant" or "Commissioner") denial of his social security claim. Plaintiff filed applications for Disability Insurance under Title II and Supplemental Security Income under Title XVI of the Social Security Act ("SSA") on May 30, 2016 and June 7, 2016, respectively. (Doc. Nos. 10 to 10-1: Administrative Record ("Tr.") at 215, 217.) His applications were denied initially on July 28, 2016, (Tr. 127, 131), and upon reconsideration on September 21, 2016, (Tr. 139, 147). Plaintiff timely filed a request for a hearing on September 30, 2016, (Tr. 157), and an administrative hearing was

held by an administrative law judge ("ALJ") on June 7, 2018, (Tr. 176). Following this hearing, the ALJ found that Plaintiff was not disabled under the SSA. (Tr. 14–27.) Plaintiff requested a review of the ALJ's decision, but on July 30, 2019, the Appeals Council denied Plaintiff's request for review. (Tr. 1.) Having exhausted his administrative remedies, Plaintiff now seeks judicial review of Defendant's denial of his social security claim in this Court.

B. Factual Background

The question before the ALJ was whether Plaintiff was disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the SSA. (Tr. 17.) To establish entitlement to benefits, Plaintiff has the burden of proving that he was disabled within the meaning of the SSA.[1] Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). Plaintiff alleges that his disability began on May 1, 2016 due to physical and mental impairments. (Tr. 215, 217.)

After reviewing Plaintiff's record and conducting a hearing, the ALJ found that Plaintiff did not suffer from a disability as defined in the SSA. (Tr. 27.) In reaching his conclusion, the ALJ used the five-step sequential evaluation process established by the Social Security Administration for determining if a person is disabled. The Fourth Circuit has described the five steps as follows:

---

[1] Under the SSA, "disability" means an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

> [The ALJ] asks whether the claimant: (1) worked during the purported period of disability; (2) has an impairment that is appropriately severe and meets the duration requirement; (3) has an impairment that meets or equals the requirements of a listed impairment and meets the duration requirement; (4) can return to her past relevant work; and (5) if not, can perform any other work in the national economy.

Radford v. Colvin, 734 F.3d 288, 290–91 (4th Cir. 2013) (paraphrasing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). The claimant has the burden of production and proof in the first four steps. Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015). However, at the fifth step, the Commissioner must prove that the claimant is able to perform other work in the national economy despite her limitations. See id.; see also 20 C.F.R. § 416.960(c)(2) (explaining that the Commissioner has the burden to prove at the fifth step "that other work exists in significant numbers in the national economy that [the claimant] can do").

In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 26–27.) In reaching his decision, the ALJ first concluded at steps one through three that Plaintiff was not employed, that he suffered from severe physical and mental impairments,[2] and that his impairments did not meet or equal any of the impairments listed in the Administration's regulations. (Tr. 19–21.) Therefore, the ALJ examined the evidence of Plaintiff's impairments and made a finding as to Plaintiff's Residual Functional Capacity ("RFC"). In pertinent part, the ALJ found that Plaintiff

---

[2] The ALJ determined that Plaintiff suffered from the following severe impairments: multiple sclerosis, cognitive changes due to multiple sclerosis, and ankylosing spondylosis. (Tr. 19.)

3

has the [RFC] to perform light work . . . except he could lift 20 pounds occasionally and 10 pounds frequently, but he should not carry that weight due to his difficulty balancing. He can frequently climb ramps, and occasionally climb stairs. He should never climb ladders, ropes or scaffolds. He could occasionally balance and frequently stoop. He could occasionally kneel and crouch, but never crawl. He should avoid extreme heat, and should not have any exposure to hazards. He should not perform any work requiring driving or operating dangerous machinery. He is limited to unskilled work (as opposed to simple routine and repetitive tasks), and he could communicate in brief and simple exchanges.

(Tr. 21.) Having established Plaintiff's RFC, the ALJ concluded that Plaintiff could not perform the work in which he had previously been employed. (Tr. 26.) Therefore, the ALJ proceeded to the fifth and final step of the process: determining whether, given the limitations embodied in his RFC, Plaintiff could perform any work that existed in significant numbers in the national economy. (Tr. 26–27.) To make that determination, the ALJ relied on the testimony of a Vocational Expert ("VE"). The VE testified that Plaintiff could perform three jobs that existed in significant numbers in the national economy: "clerk document preparer,"[3] "table worker,"[4] and "addresser."[5] (Tr. 27.) According to the Dictionary of Occupational Titles ("DOT"), all of these jobs involve "sedentary work." The ALJ accepted the VE's testimony and concluded that Plaintiff's impairments did not prevent him from working; consequently, Plaintiff's applications for Title II and Title XVI benefits were denied. (Tr. 26–27.)

---

[3] DOT 249.587-018.
[4] DOT 739.687-182.
[5] DOT 209.587-010.

4

## II. STANDARD OF REVIEW

The Court must decide whether substantial evidence supports the final decision of the Commissioner and whether the Commissioner fulfilled his lawful duty in his determination that Plaintiff was not disabled under the SSA. See 42 U.S.C. §§ 405(g), 1382(c).

The SSA, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The district court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). As the SSA provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" has been defined as being "more than a scintilla and [do]ing more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . .").

5

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again or substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith, 795 F.2d at 345; Blalock, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

Plaintiff contends that remand is warranted for three reasons: (1) the ALJ failed to sufficiently explain why he gave little weight to the opinion of Plaintiff's treating neurologist; (2) the ALJ failed to sufficiently explain why he gave less than substantial weight to the North Carolina Department of Health and Human Services' ("NCDHHS") disability determination; and (3) the ALJ failed to identify and resolve an apparent conflict between the VE's testimony and the DOT. The Court agrees that remand is appropriate based on the second allegation of error.

In Woods v. Berryhill, the Fourth Circuit held that the Commissioner generally "must give substantial weight to an [NCDHHS] disability decision." 888 F.3d 686, 692 (4th Cir. 2018). This is because "NCDHHS and Social Security disability insurance benefits serve the same governmental purpose of providing benefits to persons unable to work because of a serious disability." Id. (quotation marks omitted). In addition, "NCDHHS defines 'Medicaid to the Disabled' as a

6

program of medical assistance for individuals under age 65 who meet Social Security's definition of disability." Id. (quotation marks omitted).

The Fourth Circuit recognized, however, that "an ALJ may deviate from this default rule and accord an NCDHHS disability decision less than substantial weight if the record before the ALJ clearly demonstrates that such a deviation is appropriate." Id. (quotation marks omitted). The Fourth Circuit concluded that "to demonstrate that it is appropriate to accord less than substantial weight to an NCDHHS disability decision, an ALJ must give persuasive, specific, valid reasons for doing so that are supported by the record." Id. (quotation marks omitted). The Fourth Circuit stated that "[f]or example, an ALJ could explain which aspects of the prior agency decision he finds not credible and why, describe why he finds other evidence more credible, and discuss the effect of any new evidence made available after NCDHHS issued its decision." Id. The Fourth Circuit further explained that "[t]his list is not exclusive, but the point of this requirement—and of these examples—is that the ALJ must adequately explain his reasoning; otherwise, we cannot engage in a meaningful review." Id. at 692–93. An ALJ's failure to provide persuasive, specific, and valid reasons for giving less than substantial weight to an NCDHHS disability decision requires remand. Id. at 694 (concluding that the ALJ failed to adequately explain why he accorded less than substantial weight to the prior NCDHHS disability decision and remanding the case to the ALJ).

Here, the record before the ALJ included a decision by the NCDHHS that found Plaintiff was disabled. (Tr. 272–75.) The ALJ gave little weight to the NCDHHS

7

disability decision because "[i]t is not clear how this decision was reached based on treatment notes that fail to show this level of severity. Furthermore, we are not bound by administrative findings of other agencies." (Tr. 25–26.)

The ALJ failed to provide persuasive, specific, and valid reasons for giving less than substantial weight to the NCDHHS decision. The ALJ's lone statement that it is not clear how the NCDHHS decision was reached based on treatment notes that fail to show such a level of severity is insufficient to allow this Court to engage in meaningful review. See Covington v. Saul, No. 1:18cv693, 2019 U.S. Dist. LEXIS 132364, at *22 (M.D.N.C. Aug. 7, 2019) (concluding that the ALJ failed to provide persuasive, specific, and valid reasons for giving less than substantial weight to an NCDHHS disability decision where "[t]he ALJ did not even discuss the facts on which the NCDHHS relied in reaching its disability determination"), adopted by 2019 U.S. Dist. LEXIS 197365 (M.D.N.C. Aug. 29, 2019); Holley v. Berryhill, No. 2:17-cv-27, 2018 U.S. Dist. LEXIS 151470, at *7 (E.D.N.C. Sept. 5, 2018) (concluding that the ALJ failed to provide persuasive, specific, and valid reasons for giving less than substantial weight to an NCDHHS disability decision where "the ALJ merely concluded that the NCDHHS disability decision was due minimal weight because it was inconsistent with other medical evidence and plaintiff's work history" (quotation marks omitted)); cf. Digregorio v. Saul, No. 1:19-cv-00268, 2020 U.S. Dist. LEXIS 137387, at *10–11 (W.D.N.C. Aug. 3, 2020) (noting the ALJ's discussion of the reasons why she gave less than substantial weight to an NCDHHS disability decision and concluding that such discussion satisfied Woods). Because the ALJ failed to provide

persuasive, specific, and valid reasons for giving the NCDHHS decision less than substantial weight, this matter must be remanded for further proceedings.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, (Doc. No. 12), is **GRANTED**;

2. Defendant's Motion for Summary Judgment, (Doc. No. 14), is **DENIED**;

3. Plaintiff's motion for extension of time, (Doc. No. 11), is **DENIED as moot**;

4. This matter is **REMANDED** for further proceedings consistent with this Order; and

5. The Clerk of Court is directed to close this case.

Signed: August 13, 2020

Robert J. Conrad, Jr.
United States District Judge